**26SL-CC03486**

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| SANDY A. MORIARTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: _____ |
| | ) |
| FOREST RIVER, INC., | ) Division No.: _____ |
| | ) |
| Serve Registered Agent: | ) |
| Missouri Secretary of State | ) JURY TRIAL DEMANDED |
| 600 West Main Street | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| and | ) |
| | ) |
| RV RETAILER, LLC d/b/a | ) |
| BLUE COMPASS RV, | ) |
| | ) |
| Serve Registered Agent: | ) |
| C T Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, MO 63105 | ) |
| | ) |
| Defendants. | ) |

**PETITION FOR DAMAGES**

**COMES NOW** Plaintiff Sandy A. Moriarty, by and through her undersigned counsel, and asserts her causes of action under the Missouri Merchandising Practices Act (Chapter 407 R.S.Mo.) ("MMPA"); the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 et seq. (the "MMWA"); the Missouri Uniform Commercial Code (Chapter 400 R.S.Mo.); and Missouri common law, against Defendants Forest River, Inc. and RV Retailer, LLC d/b/a Blue Compass RV, and in support thereof states to the Court the following:

**I. PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Sandy A. Moriarty ("Moriarty" or "Plaintiff") is an adult individual citizen and resident of Franklin County, Missouri.

**EXHIBIT**

**A**

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

2. Defendant Forest River, Inc. ("Forest River") is a foreign corporation that manufactures recreational vehicles, including motorhomes, with a principal place of business located at 2500 W. Lexington Avenue, Elkhart, Indiana 46514. Forest River is a wholly-owned subsidiary of Berkshire Hathaway, Inc. and conducts substantial and continuous business throughout the State of Missouri, including through authorized dealerships such as Defendant Blue Compass.

3. Pursuant to § 351.476 R.S.Mo., Forest River continues its corporate existence and dissolution does not prevent commencement of this proceeding, despite being administratively dissolved by the Missouri Secretary of State.

4. Forest River may be served care of its current registered agent as identified by the Missouri Secretary of State, namely, the Missouri Secretary of State, 600 West Main Street, Jefferson City, MO 65101, pursuant to § 351.594 R.S.Mo.

5. Defendant RV Retailer, LLC d/b/a Blue Compass RV ("Blue Compass") is a foreign limited liability company registered and in good standing with the Missouri Secretary of State.

6. Blue Compass operates a Missouri motor vehicle dealership located at 18155 U.S. Highway 66, Eureka, Missouri 63025, in St. Louis County.

7. Blue Compass may be served care of its registered agent, C T Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

8. This Court has subject matter jurisdiction over this civil action pursuant to Article V, Section 14 of the Missouri Constitution.

9. This Court has the statutory authority to grant the relief requested herein pursuant to § 407.025 R.S.Mo. and 15 U.S.C. § 2310(d).

10. This Court has personal jurisdiction over Forest River pursuant to § 506.500 R.S.Mo., the Missouri long-arm statute, in that Forest River: (a) transacts business within Missouri; (b) makes contracts within Missouri; (c) committed tortious acts within Missouri; and (d) caused tortious injury within Missouri by acts or omissions outside Missouri while

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

regularly doing or soliciting business within the State and deriving substantial revenue from goods sold and used within the State.

11. This Court has personal jurisdiction over Blue Compass in that Blue Compass is registered to do business in Missouri, maintains a registered agent in St. Louis County, Missouri, operates a dealership in St. Louis County, Missouri, and committed the acts complained of herein in St. Louis County, Missouri.

12. Venue is proper in St. Louis County pursuant to § 407.025.1 R.S.Mo. and § 508.010 R.S.Mo., where Blue Compass maintains its registered agent, where Blue Compass conducts business, where the sale of the motorhome occurred, and where multiple of the unlawful acts complained of herein occurred.

13. All conditions precedent to the bringing of this action, if any, have been satisfied, waived, excused, rendered futile, or are otherwise inapplicable.

## II. FACTUAL BACKGROUND

### A. The Purchase of the Motorhome.

14. On or about May 31, 2024, Plaintiff purchased a new 2025 Forest River Sunseeker LE 2350S Class C motorhome bearing Vehicle Identification Number 1HA3GSC71RN001697 (hereinafter the "Motorhome") from Defendant Blue Compass at its Eureka, Missouri dealership.

15. The Motorhome consists of a Forest River-manufactured coach mounted upon a 2024 Chevrolet 3500 chassis manufactured by General Motors LLC.

16. Plaintiff and Blue Compass memorialized their agreement, for valuable consideration, by entering into a written Buyer's Order and a Retail Installment Contract and Security Agreement, with M&T Bank as the assignee lien holder.

17. The total transaction price for the Motorhome, including taxes, fees, and finance charges, exceeded $84,135.00, plus financing charges over the life of the loan.

18. Plaintiff purchased the Motorhome primarily for personal, family, and household purposes, including for personal travel and visits with family members residing in distant states.

3

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

19. In connection with the purchase, Forest River extended written warranty coverage for the coach. Forest River subsequently acknowledged warranty coverage of the Motorhome by, among other things: authorizing warranty repairs at Blue Compass; processing warranty claims submitted for the Motorhome by Blue Compass; corresponding with Plaintiff regarding warranty matters; and issuing Technical Service Bulletin No. TSB 34-1893 applicable to the Motorhome.

20. By its actions and affirmations, Forest River created an express warranty for the Motorhome pursuant to § 400.2-313 R.S.Mo., including the affirmation that the Motorhome would be free from substantial defects in material and workmanship.

21. Forest River is a merchant with respect to motorhomes within the meaning of § 400.2-104 R.S.Mo., and as such, a warranty of merchantability was implied in the sale of the Motorhome pursuant to § 400.2-314 R.S.Mo.

22. Blue Compass is also a merchant with respect to motorhomes within the meaning of § 400.2-104 R.S.Mo., and as such, a warranty of merchantability was implied in its sale of the Motorhome pursuant to § 400.2-314 R.S.Mo.

## B. Title Fraud and Violation of § 301.210 R.S.Mo.

23. Pursuant to § 301.210.1 R.S.Mo., a motor vehicle dealer "shall . . . deliver [title] to the buyer at the time of the delivery" of the motor vehicle. Missouri appellate courts have held that "[a]bsolute technical compliance with the statute is required, otherwise the sale is fraudulent." Oliver v. Cameron Mut. Ins. Co., 866 S.W.2d 865, 868 (Mo. App. W.D. 1993).

24. As the Missouri Attorney General has recognized, "[u]nder Missouri law, consumers purchasing vehicles do not legally own those vehicles until they have the titles signed over to them, in their possession," and "[e]ven if a consumer pays for the car and drives it away, he or she does not own that car without a title."

25. Blue Compass did not provide title to the Motorhome to Plaintiff on the date of sale.

26. Blue Compass did not provide title to the Motorhome to Plaintiff within 30 days of the date of sale.

27. Despite repeated requests by Plaintiff for the title, Blue Compass failed and refused to provide the Missouri certificate of title to Plaintiff for more than fifteen (15) months following the sale.

28. During the entire period in which Plaintiff did not have title, Plaintiff was nonetheless required to make monthly loan payments under the Retail Installment Contract and to maintain insurance, registration, and other carrying costs on the Motorhome.

29. "Under Missouri law, if a buyer is not provided with a title to the vehicle, the sale is void and the buyer is relieved of the obligation to make payments on the debt." *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 197 (Mo. App. W.D. 2013).

30. To date, Blue Compass has not refunded any of the loan payments, insurance payments, registration costs, or other carrying costs Plaintiff was forced to expend during the period in which Blue Compass failed to deliver title.

31. Compounding the title defects, the documentation provided to Plaintiff reflects a model year discrepancy: the General Motors Certificate of Origin reflects a 2024 model year for the chassis (with a manufacture date of November 17, 2023), while the Forest River Certificate of Origin reflects a 2025 model year for the coach (with a date of May 3, 2024). Plaintiff was sold and titled the Motorhome as a "2025" unit, notwithstanding that the chassis upon which the entire vehicle is built is in fact a 2024 model.

### C. The Defects and Repair History.

32. The Motorhome was not free from substantial defects in material and workmanship at the time of sale or within the warranty period.

33. Beginning with Plaintiff's very first use of the Motorhome, multiple safety-critical and habitability defects manifested, including but not limited to: (a) a generator oil leak; (b) dangerous steering misalignment causing the Motorhome to pull violently to the right and to "wander all over the road"; (c) compartment locks that would not properly open and close; (d) a faulty propane system, including a defective LP detector; (e) structural cracks in the coach; (f) electrical defects, including air conditioning breaker failures; (g) intermittent no-start conditions; and (h) other manufacturing and workmanship defects.

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

34. On or about July 9 through July 20, 2024, with the Motorhome's odometer reading only 418 miles, Plaintiff presented the Motorhome to Blue Compass for warranty repairs. Blue Compass's own service order documented that the Motorhome "pulls hard to the right side when pressure is taken off of the steering wheel" and that the alignment was "way out on unit." Notwithstanding that the steering defect was a pre-delivery, manufacturing, or chassis-condition issue covered by warranty, Blue Compass charged Plaintiff $283.12 for the alignment service.

35. On or about October 18, 2024, Blue Compass generated a purchase order for a second alignment without Plaintiff's authorization, demonstrating that the steering defect had not been remedied during the prior repair attempt.

36. On or about November 15, 2024, the Motorhome had to be towed back to Blue Compass after it would not start and exhibited continuing safety-critical defects.

37. The Motorhome remained out of service in Blue Compass's exclusive possession from November 15, 2024 through approximately February 12, 2025—a period of approximately eighty-nine (89) consecutive days—during which Blue Compass failed to remedy the safety-critical defects despite the Motorhome being in its custody.

38. During the November 15, 2024 to February 12, 2025 service interval, the Motorhome accumulated approximately 250 to 284 unexplained miles while in Blue Compass's exclusive custody. Blue Compass's service representative refused to provide an accounting of, or explanation for, the additional mileage. The same service representative offered inconsistent explanations, stating at various times both that he had "driven [the Motorhome] all over the place" and "around the lot," notwithstanding that the corresponding service order falsely states that the no-start condition could not be duplicated despite the Motorhome having been towed in twice.

39. Notwithstanding Plaintiff's express request that the Motorhome be winterized while in Blue Compass's custody during winter months, Blue Compass failed to properly winterize the Motorhome, resulting in toilet water leaking into a storage compartment, creating a urine-like odor and a biohazard condition within the Motorhome.

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

40. Upon recovery of the Motorhome, Plaintiff discovered evidence consistent with unauthorized use or unauthorized occupancy of the Motorhome while it was in Blue Compass's custody, including, among other things, the unexplained mileage, the absence of winterization despite cold-weather storage, and the discovery of a personal item (a diamond) inside the Motorhome that did not belong to Plaintiff.

41. The independent towing operator who repeatedly transported the Motorhome to Blue Compass observed that, in his professional experience, he had never previously picked up the same motorhome "over and over" from a single dealership for repeat repair attempts.

42. Blue Compass's service representative made representations to Plaintiff that parts needed for the repair of the Motorhome were delayed or unavailable. These representations were false. Forest River's own representative subsequently confirmed that the relevant part had been ordered in late January 2025 and overnighted to Blue Compass, directly contradicting Blue Compass's representations to Plaintiff that there was a multi-month delay.

43. Blue Compass's own employees acknowledged to Plaintiff that the service Plaintiff received was unacceptable, with one such employee expressly stating there was "no excuse" for the manner in which Plaintiff had been treated.

44. Forest River issued Technical Service Bulletin No. TSB 34-1893 in or around April 2025 concerning structural cracks in the coach—a defect Plaintiff had previously reported. The TSB-related repairs, to the extent attempted, were not properly completed and the cracks remain unrepaired.

45. On or about September 22 through 24, 2025, Plaintiff retained Good News RV Repair, an independent and qualified third-party RV inspection and repair facility, to conduct a comprehensive inspection of the Motorhome. The inspection identified, among other defects: chassis rust; improper sealing of components; an active propane leak; a fuel-filter spill; and other manufacturing and workmanship defects. Good News RV issued a repair estimate of $5,168.54, in addition to $540.00 already incurred for diagnostic services.

46. Plaintiff filed a Vehicle Owner Questionnaire complaint with the National Highway Traffic Safety Administration (NHTSA), assigned VOQ Number 116441674, regarding the faulty propane tank and faulty LP detector—a safety-critical defect creating a risk of fire,

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

explosion, and asphyxiation. The NHTSA complaint remains under investigation by the NHTSA Office of Defects Investigation.

47. Notwithstanding the safety-critical nature of the defects, the multiple repair attempts by Defendants, and the extended periods during which the Motorhome was out of service in Defendants' custody, Defendants have failed and refused to remedy the defects in the Motorhome within a reasonable time.

**D. Notice.**

48. Plaintiff has, on numerous occasions over a period exceeding 443 days, communicated with Blue Compass and/or Forest River regarding the defects in the Motorhome, the failure of warranty repair attempts, and Plaintiff's desire for an effective remedy.

49. Plaintiff lodged a consumer complaint with the Missouri Attorney General's Office, which acknowledged receipt on or about March 13, 2025.

50. Plaintiff has provided notice to Forest River and Blue Compass of the breach of warranty and of Plaintiff's claims, satisfying any reasonable-notice requirements imposed by § 400.2-607 R.S.Mo. or otherwise.

**E. Damages.**

51. As a direct and proximate result of Defendants' conduct described herein, Plaintiff has suffered damages in excess of $210,000.00, exclusive of trebling, attorney's fees, costs, and interest, including but not limited to: (a) the purchase price and finance charges paid; (b) loan payments made during the period in which title was withheld; (c) insurance, registration, and storage costs; (d) towing and transportation expenses; (e) inspection, diagnostic, and repair expenses; (f) consequential damages including loss of use, alternative travel and lodging expenses, pet boarding expenses, and lost meals; (g) diminution in value of the Motorhome; (h) emotional distress; and (i) such other damages as will be proven at trial.

52. In light of the unreasonable length and number of warranty repair attempts, the safety-critical nature of the defects that remain unrepaired, and Defendants' conduct described herein, Plaintiff has lost confidence that Defendants will ever remedy the defects in the Motorhome.

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

53. Plaintiff would not have purchased the Motorhome on May 31, 2024 if she had known on that date what she knows now.

54. The actual value of the Motorhome that Plaintiff received on May 31, 2024 was substantially less than the purchase price Plaintiff paid, and the present value of the Motorhome remains substantially less than what Plaintiff has paid and continues to pay.

## COUNT I

**VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT**
**(§ 407.020 R.S.Mo.)**
**(As to Defendant Blue Compass)**

55. Plaintiff hereby reavers and incorporates by reference all preceding paragraphs as if fully set forth herein.

56. Plaintiff is a "person" as defined by § 407.010(5) R.S.Mo.

57. Defendant Blue Compass is a "person" as defined by § 407.010(5) R.S.Mo.

58. The Motorhome is "merchandise" as defined by § 407.010(4) R.S.Mo.

59. Plaintiff's purchase of the Motorhome was a "sale," and the conduct complained of herein occurred in connection with that sale, as defined by §§ 407.010(6) and 407.020 R.S.Mo.

60. Plaintiff purchased the Motorhome primarily for personal, family, and household purposes.

61. In connection with the sale of the Motorhome to Plaintiff, Blue Compass committed deception, fraud, false pretense, false promise, misrepresentation, unfair practices, and the concealment, suppression, and omission of material facts, in violation of § 407.020 R.S.Mo., including but not limited to:

62. **Title Fraud.** Selling Plaintiff the Motorhome without delivering title at the time of sale or within 30 days of the sale, in direct violation of § 301.210 R.S.Mo., and continuing to fail and refuse to deliver title for over fifteen (15) months notwithstanding repeated requests;

63. **Concealment of Pre-Sale Defects.** Failing to perform a proper pre-delivery inspection ("PDI") and concealing pre-existing defects that should have been identified and disclosed

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

prior to delivery, including the dangerous steering misalignment that manifested on Plaintiff's first use of the Motorhome with only 418 miles on the odometer;

64. **Model Year Misrepresentation.** Selling and titling the Motorhome as a "2025" model when the underlying General Motors chassis upon which the Motorhome is built is in fact a 2024 model year, as evidenced by the General Motors Certificate of Origin;

65. **Document Withholding.** Refusing to produce all service records and work orders relating to the Motorhome upon Plaintiff's request, in violation of dealer record-keeping obligations and ordinary commercial standards;

66. **Unauthorized Use.** Operating the Motorhome and accumulating approximately 250 to 284 unexplained miles during the November 15, 2024 to February 12, 2025 service interval without Plaintiff's authorization, and refusing to disclose or account for that mileage;

67. **Material Misrepresentations Regarding Repairs.** Misrepresenting the cause of, status of, and prospects for repair of the Motorhome's defects—including specifically the false representation that parts were delayed for multiple months when, in fact, Forest River had ordered and overnighted the relevant part in late January 2025;

68. **Failure to Winterize.** Failing to properly winterize the Motorhome despite Plaintiff's express request and despite the Motorhome being in Blue Compass's custody during cold-weather months, resulting in toilet water leakage into a storage compartment and the creation of a biohazard condition; and

69. **Falsification of Service Records.** Generating service records that misrepresented the condition of the Motorhome, the work performed (or not performed), and the use of the Motorhome while in Blue Compass's custody.

70. An unfair business practice under the MMPA includes any method, use, or practice that violates a state or federal law intended to protect the public, pursuant to 15 C.S.R. § 60-8.090.

71. Blue Compass's violation of § 301.210 R.S.Mo. constitutes an unfair practice under the MMPA per se.

10

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

72. Pursuant to 15 C.S.R. § 60-8.070, "[i]t is an unfair practice for any person in connection with the sale of merchandise to unilaterally breach unambiguous provisions of consumer contracts."

73. Pursuant to 15 C.S.R. § 60-9.070, "[a] misrepresentation is an assertion that is not in accord with the facts."

74. Plaintiff acted as a reasonable consumer would have in light of the circumstances, and Blue Compass's unlawful acts and omissions described herein would cause a reasonable consumer to enter into the transaction and to forbear from pursuing legal remedies in favor of repeated repair attempts.

75. As a direct and proximate result of Blue Compass's violations of § 407.020 R.S.Mo., Plaintiff has suffered an ascertainable loss of money and property in an amount that can be calculated with a reasonable degree of certainty, and Plaintiff seeks relief pursuant to § 407.025 R.S.Mo.

76. Pursuant to § 407.025 R.S.Mo., Plaintiff seeks actual damages, attorney's fees, and costs.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Blue Compass on Count I in an amount that will fairly and justly compensate Plaintiff, together with her costs and reasonable attorney's fees herein incurred and expended, pre-judgment and post-judgment interest, and for such further and additional relief as this Court may deem just and proper under the circumstances.

**COUNT II**
**VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT**
**(§ 407.020 R.S.Mo.)**
**(As to Defendant Forest River)**

77. Plaintiff hereby reavers and incorporates by reference all preceding paragraphs as if fully set forth herein.

78. Plaintiff is a "person" as defined by § 407.010(5) R.S.Mo.

79. Defendant Forest River is a "person" as defined by § 407.010(5) R.S.Mo.

80. The Motorhome is "merchandise" as defined by § 407.010(4) R.S.Mo.

11

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

81. Plaintiff's purchase of the Motorhome, and Forest River's subsequent warranty repair efforts, constitute a "sale," and were offered and accepted in connection with a "sale," as defined by §§ 407.010(6) and 407.020 R.S.Mo.

82. Plaintiff purchased the Motorhome primarily for personal, family, and household purposes.

83. In connection with said transaction, Forest River committed deception, fraud, false pretense, false promise, misrepresentation, unfair practices, and the concealment, suppression, and omission of material facts, in violation of § 407.020 R.S.Mo., including but not limited to:

84. **Breach of Warranty.** Breaching, avoiding, and attempting to avoid Forest River's warranty obligations to Plaintiff. Pursuant to 15 C.S.R. § 60-8.070, it is an unfair practice for any person in connection with the sale of merchandise to unilaterally breach unambiguous provisions of consumer contracts;

85. **Misrepresentation Regarding Repairs.** Forest River's representations that warranty repairs would be performed within a reasonable time, that authorized repairs would remedy the defects, and that the Motorhome would be returned to Plaintiff in a defect-free condition, were untrue;

86. **Inducement to Forgo Remedies.** Forest River authorized and performed repairs and made representations to lull Plaintiff into delaying the assertion of her legal remedies against Forest River. Plaintiff relied on those representations to her detriment;

87. **Concealment of Defect Knowledge.** Concealing, suppressing, and omitting material facts concerning Forest River's prior knowledge of substantially similar defects in the same Motorhome line and components—including but not limited to the structural-crack defect that became the subject of Forest River's own Technical Service Bulletin No. TSB 34-1893—and concerning the prospects for an effective repair;

88. **Misrepresentation of Vehicle Status.** Misrepresenting that the Motorhome had been adequately repaired, was free from substantial defects, and was fit for the ordinary purposes for which such a motorhome is used, when in fact the Motorhome remained substantially defective;

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

89. **Deflection to Component Suppliers.** Deflecting responsibility for safety-critical defects to component suppliers and chassis manufacturers, notwithstanding Forest River's position as the end-stage manufacturer of the Motorhome and its responsibility for the integration, inspection, and quality control of all components incorporated into the finished Motorhome.

90. Pursuant to 15 C.S.R. § 60-9.070, "[a] misrepresentation is an assertion that is not in accord with the facts."

91. An unfair business practice under the MMPA includes any method, use, or practice that violates a state or federal law intended to protect the public, pursuant to 15 C.S.R. § 60-8.090. Forest River's breach of its warranties under the MMWA and the Missouri Uniform Commercial Code constitute unfair business practices under the MMPA.

92. Plaintiff acted as a reasonable consumer would have in light of the circumstances, and Forest River's unlawful acts and omissions described herein would cause a reasonable consumer to enter into the transaction and to forbear from pursuing legal remedies in favor of repeated warranty repair attempts.

93. As a direct and proximate result of Forest River's violations of § 407.020 R.S.Mo., Plaintiff has suffered an ascertainable loss of money and property in an amount that can be calculated with a reasonable degree of certainty, and Plaintiff seeks relief pursuant to § 407.025 R.S.Mo.

94. Pursuant to § 407.025 R.S.Mo., Plaintiff seeks actual damages, attorney's fees, and costs.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Forest River on Count II in an amount that will fairly and justly compensate Plaintiff, together with her costs and reasonable attorney's fees herein incurred and expended, pre-judgment and post-judgment interest, and for such further and additional relief as this Court may deem just and proper under the circumstances.

**COUNT III**
**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**
**(15 U.S.C. § 2301 et seq.)**
**(As to Defendant Forest River)**

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

95. Plaintiff hereby reavers and incorporates by reference all preceding paragraphs as if fully set forth herein.

96. The Motorhome is a "consumer product" as defined by 15 U.S.C. § 2301(1), in that it is tangible personal property, distributed in commerce, and of a kind normally used for personal, family, or household purposes.

97. Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3), in that she purchased a consumer product, namely, the Motorhome.

98. Plaintiff is a "buyer" pursuant to § 400.2-103 R.S.Mo., in that she bought goods, namely, the Motorhome.

99. Defendant Forest River is a "supplier" and a "warrantor" as defined by 15 U.S.C. §§ 2301(4) and 2301(5), in that it supplied the Motorhome and warranties on the Motorhome.

100. Forest River extended a "written warranty" as defined by 15 U.S.C. § 2301(6) on the Motorhome by, among other things, affirming through its conduct, communications, course of dealing, and authorization of warranty repairs that the Motorhome would be free from substantial defects in material and workmanship for a defined period.

101. Forest River is a merchant with respect to motorhomes and recreational vehicles within the meaning of § 400.2-104 R.S.Mo., in that it holds itself out as a manufacturer with knowledge about the manufacturing, inspection, and repair of such consumer products.

102. A warranty that the Motorhome be merchantable was therefore implied in Plaintiff's purchase pursuant to § 400.2-314 R.S.Mo.

103. Forest River thereby provided Plaintiff an "implied warranty" as defined by 15 U.S.C. § 2301(7).

104. To the extent Forest River extended any "written warranty" within the meaning of 15 U.S.C. § 2301(6), 15 U.S.C. § 2308(a) prohibits Forest River from disclaiming or modifying the implied warranty of merchantability, and any such purported disclaimer or modification is void.

14

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

105. 15 U.S.C. § 2310(d)(1) provides that "[a] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title (), or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief."

106. Forest River has failed to comply with its warranty obligations, in that the warranty obligated Forest River to remedy substantial defects in material and workmanship, but the repair attempts were either unsuccessful, incomplete, or not properly performed, such that the nonconformities with the Motorhome are ongoing and continuing.

107. Forest River has also failed to comply with its statutory obligation to "remedy [the Motorhome] within a reasonable time and without charge, in the case of a defect," pursuant to 15 U.S.C. § 2304(a)(1).

108. Forest River has been afforded a reasonable opportunity to cure the Motorhome's nonconformities pursuant to 15 U.S.C. § 2310(e), having had multiple opportunities and access to the Motorhome over a period exceeding 114 cumulative days.

109. Forest River has been unable and unwilling to remedy the Motorhome within a reasonable time and without charge, in violation of 15 U.S.C. § 2304(a)(1).

110. To the extent Forest River's warranty does not provide a specific amount of time to complete repairs, Forest River was required to do so within a "reasonable time" pursuant to § 400.2-309 R.S.Mo.

111. The defects of, and circumstances relating to, the Motorhome have caused any exclusive or limited remedy contained in any warranty to fail of its essential purpose, pursuant to § 400.2-719 R.S.Mo.

112. The warranties extended on the Motorhome have failed of their essential purpose.

113. Plaintiff notified Forest River of the breach of warranty within a reasonable time after discovering the defects.

114. As a direct and proximate result of Forest River's failure to comply with its express written warranties and the implied warranty of merchantability, Plaintiff has suffered and continues to suffer damages.

15

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

115. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff seeks all costs of suit, including reasonable attorney's fees and expert witness fees.

**WHEREFORE**, Plaintiff respectfully demands that this Court enter judgment in her favor and against Defendant Forest River on Count III for damages consisting of the return of all payments made on the Motorhome, collateral charges, finance charges, incidental and consequential damages, costs of suit, including expert witness fees and reasonable attorney's fees pursuant to 15 U.S.C. § 2310(d)(2), and for such other and further relief as this Court deems just and proper.

## COUNT IV
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (§ 400.2-314 R.S.Mo.)
### (As to Defendant Forest River)

116. Plaintiff hereby reavers and incorporates by reference all preceding paragraphs as if fully set forth herein.

117. Forest River is a merchant with respect to goods of the kind sold to Plaintiff, namely, motorhomes, within the meaning of § 400.2-104 R.S.Mo.

118. Pursuant to § 400.2-314 R.S.Mo., a warranty that the Motorhome was merchantable was implied in the contract for its sale.

119. To be merchantable, the Motorhome must, among other things: (a) pass without objection in the trade under the contract description; (b) be fit for the ordinary purposes for which such goods are used; and (c) conform to any affirmations of fact made on its container or label.

120. The Motorhome was not merchantable at the time of sale and is not merchantable presently, in that, among other things, it: (a) suffers from dangerous steering misalignment that creates a risk of loss of vehicle control; (b) suffers from a defective propane system, including a defective LP detector, creating a risk of fire, explosion, and asphyxiation; (c) suffers from structural cracks; (d) suffers from intermittent no-start conditions; (e) suffers from electrical defects; and (f) is not fit for the ordinary purpose of personal, family, and household travel for which a Class C motorhome is intended.

16

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

121. Pursuant to 15 U.S.C. § 2308(a), Forest River cannot disclaim or modify the implied warranty of merchantability, and any such purported disclaimer or modification is void.

122. Plaintiff notified Forest River of the breach of warranty within a reasonable time after discovering the defects, pursuant to § 400.2-607 R.S.Mo.

123. As a direct and proximate result of Forest River's breach of the implied warranty of merchantability, Plaintiff has suffered and continues to suffer damages, including but not limited to those itemized hereinabove.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Forest River on Count IV in an amount that will fairly and justly compensate Plaintiff, together with her costs and reasonable attorney's fees, pre-judgment and post-judgment interest, and for such further and additional relief as this Court may deem just and proper under the circumstances.

<u>**COUNT V**</u>
**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(§ 400.2-314 R.S.Mo.)**
**(As to Defendant Blue Compass)**

124. Plaintiff hereby reavers and incorporates by reference all preceding paragraphs as if fully set forth herein.

125. Blue Compass is a merchant with respect to goods of the kind sold to Plaintiff, namely, motorhomes, within the meaning of § 400.2-104 R.S.Mo., in that it holds itself out as a dealer with knowledge regarding the sale, inspection, and servicing of motorhomes and recreational vehicles.

126. Pursuant to § 400.2-314 R.S.Mo., a warranty that the Motorhome was merchantable was implied in the contract between Plaintiff and Blue Compass for its sale.

127. The Motorhome was not merchantable at the time Blue Compass sold it to Plaintiff, for the reasons set forth in Count IV and elsewhere herein.

128. Plaintiff notified Blue Compass of the breach of warranty within a reasonable time after discovering the defects, pursuant to § 400.2-607 R.S.Mo.

17

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

129. As a direct and proximate result of Blue Compass's breach of the implied warranty of merchantability, Plaintiff has suffered and continues to suffer damages, including but not limited to those itemized hereinabove.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Blue Compass on Count V in an amount that will fairly and justly compensate Plaintiff, together with her costs and reasonable attorney's fees, pre-judgment and post-judgment interest, and for such further and additional relief as this Court may deem just and proper under the circumstances.

## COUNT VI
### BREACH OF EXPRESS WARRANTY
### (§ 400.2-313 R.S.Mo.)
### (As to Defendant Forest River)

130. Plaintiff hereby reavers and incorporates by reference all preceding paragraphs as if fully set forth herein.

131. Pursuant to § 400.2-313 R.S.Mo., any affirmation of fact or promise made by the seller to the buyer that relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to that affirmation or promise.

132. By its actions, affirmations, course of dealing, and conduct, Forest River created express warranties for the Motorhome, including affirmations that: (a) the Motorhome would be free from substantial defects in material and workmanship for a defined period; (b) Forest River would repair such defects at no charge to Plaintiff during the warranty period; and (c) the Motorhome was fit for the ordinary purposes for which a Class C motorhome is used.

133. Forest River's acknowledgment and confirmation of the warranties is evidenced by, among other things, its: (a) authorization of warranty repairs for the Motorhome at Blue Compass; (b) processing of warranty claims for the Motorhome; (c) communications with Plaintiff regarding warranty matters; and (d) issuance of Technical Service Bulletin No. TSB 34-1893 applicable to the Motorhome.

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

134. These affirmations and promises were part of the basis of the bargain for Plaintiff's purchase of the Motorhome.

135. Forest River breached the express warranties by, among other things, failing to remedy the substantial defects in material and workmanship in the Motorhome despite multiple repair attempts and despite Forest River's authorization of warranty repairs.

136. Plaintiff notified Forest River of the breach of warranty within a reasonable time after discovering the defects, pursuant to § 400.2-607 R.S.Mo.

137. Any limitation of remedies in any express warranty has failed of its essential purpose pursuant to § 400.2-719 R.S.Mo., in that Forest River has failed to remedy the defects despite repeated repair attempts over an extended period of time.

138. As a direct and proximate result of Forest River's breach of express warranty, Plaintiff has suffered and continues to suffer damages, including but not limited to those itemized hereinabove.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Forest River on Count VI in an amount that will fairly and justly compensate Plaintiff, together with her costs and reasonable attorney's fees, pre-judgment and post-judgment interest, and for such further and additional relief as this Court may deem just and proper under the circumstances.

**COUNT VII**
**COMMON LAW FRAUDULENT MISREPRESENTATION AND CONCEALMENT**
**(As to Both Defendants)**

139. Plaintiff hereby reavers and incorporates by reference all preceding paragraphs as if fully set forth herein.

140. Defendants made false representations to Plaintiff regarding material facts, and concealed material facts from Plaintiff, in connection with the sale and purported repair of the Motorhome.

141. With respect to Blue Compass, the false representations and concealments include, but are not limited to: (a) representations that title would be timely delivered when in fact title was

19

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

withheld for over fifteen (15) months; (b) representations that the Motorhome had been properly inspected and was free from defects when in fact safety-critical defects were present at the time of delivery; (c) representations that the Motorhome was a "2025" model when in fact the underlying chassis was a 2024 model; (d) representations that parts for repair were delayed when in fact the parts had been ordered and overnighted; (e) representations regarding the use and condition of the Motorhome while in Blue Compass's custody; and (f) concealment of unauthorized use, including the accumulation of approximately 250 to 284 unexplained miles.

142. With respect to Forest River, the false representations and concealments include, but are not limited to: (a) representations that authorized repairs would remedy the defects; (b) representations regarding Forest River's commitment to honor warranty obligations; (c) representations regarding the quality, fitness, and safety of the Motorhome; and (d) concealment of Forest River's prior knowledge of substantially similar defects in the same Motorhome line and components, including but not limited to the structural-crack defect that became the subject of TSB 34-1893.

143. Each false representation and concealment was material in that it would have been important to a reasonable consumer in deciding whether to purchase the Motorhome, whether to retain the Motorhome, and whether to forbear from pursuing legal remedies in favor of repair attempts.

144. Defendants knew that the representations were false at the time they were made, or made the representations with reckless disregard for their truth or falsity.

145. Defendants made the representations and engaged in the concealment with the intent that Plaintiff would rely upon them.

146. Plaintiff was ignorant of the falsity of the representations and the concealed facts.

147. Plaintiff justifiably and reasonably relied upon Defendants' representations and was justified in her ignorance of the concealed facts.

148. Plaintiff has suffered injury and damages as a direct and proximate result of her reliance on Defendants' representations and concealment.

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on Count VII in an amount that will fairly and justly compensate Plaintiff, together with her costs, pre-judgment and post-judgment interest, and for such further and additional relief as this Court may deem just and proper under the circumstances.

## COUNT VIII
### REVOCATION OF ACCEPTANCE
### (§ 400.2-608 R.S.Mo.)
### (As to Defendant Blue Compass)

149. Plaintiff hereby reavers and incorporates by reference all preceding paragraphs as if fully set forth herein.

150. Pursuant to § 400.2-608 R.S.Mo., Plaintiff may revoke acceptance of the Motorhome whose nonconformity substantially impairs its value to her where she accepted the Motorhome on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured.

151. The defects in the Motorhome described herein—including but not limited to the dangerous steering misalignment, the defective propane system creating a risk of fire and explosion, the structural cracks in the coach, and the intermittent no-start conditions—substantially impair the value, use, and safety of the Motorhome to Plaintiff.

152. Plaintiff accepted the Motorhome upon the reasonable assumption that the defects would be cured by Defendants under warranty.

153. Defendants have failed and refused to seasonably cure the defects despite multiple repair attempts and despite the Motorhome being in Defendants' custody for cumulative periods exceeding 114 days.

154. Plaintiff's revocation of acceptance is timely, in that it occurs within a reasonable time after Plaintiff discovered or should have discovered the grounds for revocation, and the discovery of defects has been ongoing through the present.

155. Plaintiff has not made any substantial change in the condition of the Motorhome that was not caused by its own defects.

21

Electronically Filed - St Louis County - April 30, 2026 - 11:10 AM

156. By the filing of this Petition, and by all prior communications referenced herein, Plaintiff hereby revokes her acceptance of the Motorhome.

157. Pursuant to §§ 400.2-608 and 400.2-711 R.S.Mo., Plaintiff is entitled to recover so much of the price as has been paid, together with incidental and consequential damages, and a security interest in the Motorhome for the amounts she has paid.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Blue Compass on Count VIII for: (a) the return of all payments made on the Motorhome, including but not limited to the down payment, all monthly loan payments, and all collateral and finance charges; (b) incidental and consequential damages; (c) a security interest in the Motorhome for the amounts paid; (d) Plaintiff's costs and reasonable attorney's fees; (e) pre-judgment and post-judgment interest; and (f) for such other and further relief as this Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

**DONNER APPLEWHITE**
**ATTORNEYS AT LAW**

By: */s/ Christian T. Misner*
Christian T. Misner
Attorney at Law, #65572
5205 Hampton Ave.
St. Louis, MO 63109
Phone:          (314) 240-5351
Facsimile:      (888) 785-4461
Email:          christian.misner@da-lawfirm.com

**Attorney for Sandy A. Moriarty**

22

# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC03486 |
| Plaintiff/Petitioner:<br>SANDY A MORIARTY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTIAN T MISNER<br>1108 OLIVE STREET<br>SUITE 200<br>ST LOUIS, MO  63101 |
| Defendant/Respondent:<br> FOREST RIVER, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp for Return) |

**The State of Missouri to:**    FOREST RIVER, INC.
**Alias:**
**R/A MO SECRETARY OF STATE**
**600 W. MAIN STREET**
**JEFFERSON CITY, MO  65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***



***ST. LOUIS COUNTY***

| 01-MAY-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Case Number: 26SL-CC03486

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date)
at _____ (time).

_____     _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                                Date                        Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC03486 |
| Plaintiff/Petitioner:<br>SANDY A MORIARTY | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTIAN T MISNER<br>1108 OLIVE STREET<br>SUITE 200<br>ST LOUIS, MO  63101 |
| Defendant/Respondent:<br> FOREST RIVER, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp for Return) |

vs.

**The State of Missouri to:**   RV RETAILER, LLC
                          **Alias:**
                          **DBA:   BLUE COMPASS RV**
                          **R/A CT CORPORATION SYSTEM**
                          **120 S CENTRAL AVE**
                          **CLAYTON, MO  63105**

   **Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| 01-MAY-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

**Case Number: 26SL-CC03486**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address) in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Officer or Server                  Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____
                                                    Date                    Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-6572**
2 of 2 (26SL-CC03486)                    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

RECEIVED

MAY 1 1 2026

COLE COUNTY
SHERIFF'S OFFICE

FILED

MAY 2 7 2026

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC03486 |
|---|---|
| Plaintiff/Petitioner:<br>SANDY A MORIARTY                            vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTIAN T MISNER<br>1108 OLIVE STREET<br>SUITE 200<br>ST LOUIS, MO  63101 |
| Defendant/Respondent:<br> FOREST RIVER, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File<br>Stamp for<br>Return) |

**The State of Missouri to:    FOREST RIVER, INC.**
**Alias:**
**R/A MO SECRETARY OF STATE**
**600 W. MAIN STREET**
**JEFFERSON CITY, MO  65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 01-MAY-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

$2300.00$
$150.00$

Case Number: 26SL-CC03486

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:
Giavonna Dickerson (name) Designee (title).

☐ other: _____.

Served at 600 West Main St. (address) in Cole (County/City of St. Louis), MO, on 05-13-26 (date) at 11:56 am (time).

Sheriff John P. Wheeler                    By: JE Bonham 50
Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                    Date                         Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-6573**
2 of 2 (26SL-CC03486)                    Civil Procedure Form No. 1, SCR 54.01 – 54.05,
                    54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - ST LOUIS COUNTY - May 27, 2026 - 03:22 PM

260028275

**RETURN**

SB
5-31

## Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC03486 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SANDY A MORIARTY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTIAN T MISNER<br>1108 OLIVE STREET<br>SUITE 200<br>ST LOUIS, MO  63101 | |
| Defendant/Respondent:<br> FOREST RIVER, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Other Tort | | |

The State of Missouri to:  **RV RETAILER, LLC**

30
CTCOR
S.W.

**Alias:**
**DBA:  BLUE COMPASS RV**
**R/A CT CORPORATION SYSTEM**
~~120 S CENTRAL AVE~~
~~CLAYTON, MO  63105~~

Other Addresses:

5661 Telegraph 4B
St. Louis, MO 63129

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 01-MAY-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

Further Information:
AD

ST LOUIS COUNTY SHERIFF'S OFFICE

2026 MAY 11 PM12:01

RECEIVED

5/1 9 SW

√SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-6572**
1 of 2 (26SL-CC03486)

Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - ST LOUIS COUNTY - May 27, 2026 - 03:22 PM

Case Number: 26SL-CC03486

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

[ ] delivering a copy of the summons and petition to the defendant/respondent.

[ ] leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

[✓] (for service on a corporation) delivering a copy of the summons and petition to:

_____ *Dan* _____ (name) _*Intake Specialist*_ (title).

[✓] other: _*CT Corp*_.

Served at _*5661 Telegraph Rd, Suite 4B, 63129*_ (address)

in _*St Louis*_ (County/City of St. Louis), MO, on _*05-20-26*_ (date)

at _*10:25*_ (time).

_____ *Kevin Mehr* _____          _____ *Ken Mehr* _____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

(Seal)          My commission expires: _____  _____
                                          Date                    Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-6572**
2 of 2 (26SL-CC03486)          Civil Procedure Form No. 1, SCR 54.01 – 54.05,
                                          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - ST LOUIS COUNTY - May 27, 2026 - 03:22 PM

260028275

## Summons in Civil Case

**RETURN**

SS
5-31

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number: 26SL-CC03486 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SANDY A MORIARTY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTIAN T MISNER<br>1108 OLIVE STREET<br>SUITE 200<br>ST LOUIS, MO  63101 | |
| Defendant/Respondent:<br>FOREST RIVER, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Other Tort | | |

The State of Missouri to:   **RV RETAILER, LLC**
**Alias:**
**DBA:  BLUE COMPASS RV**
**R/A CT CORPORATION SYSTEM**
~~120 S CENTRAL AVE~~
~~CLAYTON, MO  63105~~

30
CTCOR
S.W.

**Other Addresses:**        5661 Telegraph 4B
St. Louis, MO 63129

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**

**ST. LOUIS COUNTY**

01-MAY-2026
Date

/S/ Adam Dockery
Clerk

ST LOUIS COUNTY SHERIFF'S OFFICE
2026 MAY 11 PM 12: 01
RECEIVED

**Further Information:**
AD

5/11 98N

✓SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-6572**
1 of 2 (26SL-CC03486)        Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St LOUIS COUNTY - May 27, 2026 - 03:22 PM

Case Number: 26SL-CC03486

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

[ ] delivering a copy of the summons and petition to the defendant/respondent.

[ ] leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

[✓] (for service on a corporation) delivering a copy of the summons and petition to:

_____DAN_____ (name) _Intake Specialist_ (title).

[✓] other: _CT CORP_.

Served at _5661 Telegraph Rd, Suite 4B, 63129_ (address)

in _St Louis_ (County/City of St. Louis), MO, on _05-20-26_ (date)

at _10:25_ (time).

_____KEVIN BREHM_____          _____Ken Brehm_____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____ _____
                              Date                    Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

RECEIVED

MAY 1 1 2026

COLE COUNTY
SHERIFF'S OFFICE

FILED

MAY 2 7 2026

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

| Judge or Division:<br>BRIAN H. MAY | Case Number: 26SL-CC03486 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SANDY A MORIARTY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTIAN T MISNER<br>1108 OLIVE STREET<br>SUITE 200<br>ST LOUIS, MO  63101 | |
| Defendant/Respondent:<br> FOREST RIVER, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Other Tort | | (Date File<br>Stamp for<br>Return) |

**The State of Missouri to:**   **FOREST RIVER, INC.**
**Alias:**
**R/A MO SECRETARY OF STATE**
**600 W. MAIN STREET**
**JEFFERSON CITY, MO  65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

### COURT SEAL OF



### ST. LOUIS COUNTY

| 01-MAY-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Case Number: 26SL-CC03486

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:
Giavonna Dickerson _____ (name) Designee _____ (title).

☐ other: _____.

Served at 600 West Main St. _____ (address)
in Cole _____ (County/City of St. Louis), MO, on 05-13-26 ____ (date)
at 11:56 am (time).

Sheriff John P. Wheeler _____    By: J.E. Bonham 50 _____
Printed Name of Officer or Server                           Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
                                          Date                    Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

Case: 2636-CC03860-SANDY A MORIARITY V FOREST RIVER, INC. ET AL (E-CASE) Page 1

52

| **Respond to Selected Documents** |      **Sort by date:** Descending Ascending      **Display options:** All Entries ⌄

**05/27/2026**

**Notice of Service**

26-SMCC-6572; Electronic Filing Certificate of Service.

**Corporation Served**

Document ID - 26-SMCC-6573; Served To - FOREST RIVER, INC.; Served Date - 05/13/2026; Served Time - 08:39:06; Service Type - SD; Reason Description - SERV; Service Text -

**Agent Served**

Document ID - 26-SMCC-6572; Served To - RV RETAILER, LLC ; Served Date - 05/20/2026; Served Time - 00:00:00; Service Type - SD; Reason Description - SERV; Service Text -

**05/01/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-6573, for FOREST RIVER, INC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**

Document ID: 26-SMCC-6572, for RV RETAILER, LLC Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**04/30/2026**

**Judge Assigned**

DIV 1

**Filing Info Sheet eFiling**

    **Filed By:** CHRISTIAN T MISNER

**Pet Filed in Circuit Ct**

Petition.

    **Filed By:** CHRISTIAN T MISNER

    **On Behalf Of:** MORIARITY